UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

      Debtor.
_____/

BELCALIS MARLENIS ALMÁNZAR.

      Plaintiff,

v.

LATASHA TRANSRINA KEBE,

      Defendant.
_____/

Case No. 23-14082-SMG
Chapter 11
Subchapter V

Adv. Proc. No. 23-_____-SMG

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Plaintiff, BELCALIS MARLENIS ALMÁNZAR ("***Almánzar***" or "***Plaintiff***") files this *Complaint to Determine Non-Dischargeability of Debt* pursuant to 11 U.S.C. § 523(a)(6) and Fed. R. Bankr. P. 7001, against defendant Latasha Transrina Kebe a/k/a "Tasha K" ("***L. Kebe***" or "***Defendant***") and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is a citizen and resident of the State of New Jersey.

2.      Upon information and belief, Defendant is a citizen and resident of the State of Florida.[1]

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b).

---

[1] Plaintiff notes that the address listed on L. Kebe's Petition in Part 1, No. 5 (Where you live) is not, in fact, where L. Kebe lives. Rather, it is an office space where L. Kebe creates content for her social media platforms.

1

4.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I), and this Court has jurisdiction to enter final orders pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

12.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5.      The deadline to file a complaint to determine dischargeability of certain debts is August 28, 2023 [ECF No. 19].

6.      All conditions precedent to the filing of this action have been performed, waived, satisfied, or have otherwise occurred.

**FACTUAL BACKGROUND**

**I.      Plaintiff**

7.      Plaintiff is a Grammy award-winning musical artist, songwriter, and television personality professionally known as "Cardi-B."

8.      Since the release of her full-length debut mixtape in 2015, Plaintiff's musical works have reached peak positions on charts in the United States and around the world. As a result of the popularity of her music, Plaintiff has millions of fans in the United States and around the world who follow her work and her social media profiles.

9.      In addition to her artistic endeavors, Plaintiff is well known for her volunteer work and philanthropic endeavors, which include helping families affected by gang violence and performing volunteer work in handing out coats to underprivileged persons.

**II.      Defendant**

10.      Defendant produces, hosts, and publishes videos on YouTube and other social media platforms entitled "unWinewithTashaK."

2

11.    Prepetition, Defendant – with malice and the intent to injure Plaintiff – utilized her social media platforms to spread false, malicious and defamatory statements about Plaintiff.

12.    Defendant deliberately spread such false and defamatory statements, even after being apprised of their falsity, in order to benefit financially as a result of Defendant attracting substantially more viewers to her social media platforms than most of her other videos, by spreading lies about Plaintiff.

13.    Specifically, Defendant made the following false and defamatory statements about Plaintiff:

    a.  Plaintiff has herpes and HPV;

    b.  Plaintiff was a prostitute;

    c.  Plaintiff used cocaine;

    d.  Plaintiff engaged in a debasing act with a beer bottle; and

    e.  Plaintiff engaged in adultery.

14.    By engaging in the acts and conduct specified in the Defamation Action, Defendant willfully and maliciously injured Plaintiff.

15.    Defendant was given multiple opportunities to retract the false and defamatory statements and videos, but Defendant steadfastly refused to do so.

III.    **Defamation Action and Judgment for Plaintiff**

16.    As a result of Defendant's malicious campaign to damage and destroy Plaintiff's reputation among her fans and consuming public, on March 21, 2019, Plaintiff commenced an action against Defendant and Kebe Studios, among others,[2] in the case styled: *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe, et al*., Case No. 1:19-cv-01301-WMR (N.D. Ga.)

---

[2] Pursuant to that certain Second Amended Complaint dated November 29, 2020, Kebe Studios LLC included as defendant.

3

("***Defamation Action***") in which Plaintiff alleged claims for slander *per se*, slander, libel *per se*
and defamation.

17.    On January 10, 2022, the District Court for the Northern District of Georgia
("***Georgia District Court***") commenced a jury trial lasting multiple days in which the jury
ultimately found Defendant liable to Plaintiff for defamation, invasion of privacy – false light
and intentional infliction of emotional distress, and further found Defendant to be jointly and
severally liable for the damages with co-defendant Kebe Studios LLC ("***Kebe Studios***").

18.    As noted by the Georgia District Court in its jury instructions, Plaintiff had to
prove by a preponderance of the evidence that: (1) Defendant made a false and defamatory
statement regarding Plaintiff, (2) the statement was published, and then, Plaintiff had to prove by
clear and convincing evidence that Defendant acted with actual malice.

19.    Plaintiff met her burden, proving that Defendant's actions in spreading false and
defamatory statements showed willful misconduct, malice, wantonness and an entire lack of
care. Indeed, the jury found that Defendant acted with a "**specific intent to commit harm**."[3]
Accordingly, the jury awarded Plaintiff damages as follows:

We, the Jury, therefore award the Plaintiff damages in the following amount(s):

$  1,000,000         in general damages (pain and suffering and/or
                      reputational injury)

$  250,000          in medical expenses

$  1,250,000         Total

---

[3] Trial Tr., Jan. 25, 2022 19:15-19. [Defamation Action, ECF No. 217] ("The Court: Ladies and gentlemen, I want to
clarify something just to make sure that you understand that if there is an award of punitive damages, those damages
do go to the plaintiff **because you found specific intent to commit harm in your jury verdict**.") (emphasis
added).

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

20.    A true and correct copy of the Jury Verdict on Plaintiff's claims ("***Claims Verdict***") [Defamation Action, ECF No. 198] is attached hereto as "**Exhibit A**."

21.    In addition to the Claims Verdict, as a result of the willful and malicious nature of Defendant's actions, the Jury also assessed Defendant and her co-defendant Kebe Studios with substantial awards for both punitive damages and litigation expenses.

22.    As described by the Georgia District Court in its instructions to the jury, before a jury can award punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to the consequences.[4]

23.    Plaintiff met her burden. As a result, the jury awarded punitive damages to Plaintiff  as follows:

As to Defendant Latasha Kebe, we assess the amount of $ _1,000,000_ as punitive damages, which is separate from any punitive damages against Defendant Kebe Studios LLC.

As to Defendant Kebe Studios LLC, we assess the amount of $ _500,000_ as punitive damages, which is separate from any punitive damages against Defendant Latasha Kebe.

**Litigation Expenses**

As to Plaintiff's claim for litigation expenses, we award the amount of $ _1,338,753.47_ against ✓ Defendant Latasha Kebe and/or ✓ Defendant Kebe Studios, LLC.

---

[4] Trial Tr., Jan. 24, 2022 87:23-25; 88:1-12.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

24.     A true and correct copy of the Jury Verdict assessing punitive damages ("***Punitive Damages Verdict,***" collectively with the Claims Verdict, the "***Jury Verdict***") [Defamation Action, ECF No. 204] is attached hereto as "**<u>Exhibit B</u>**."

25.     As a result of the Jury Verdict, on February 17, 2022, the Georgia District Court entered its Judgment (the "***Original Defamation Judgment***") [Defamation Action, ECF No. 206] in favor of Plaintiff and against Defendant and Kebe Studios. A true and correct copy of the Original Defamation Judgment is attached hereto as "**<u>Exhibit C</u>**."

26.     The Original Defamation Judgment noted the jury's award to Plaintiff of:

a.     $1,000,000 for pain and suffering and/or reputational injury and $250,000 for medical expenses.

b.     The parties stipulated to reduce the jury's award of medical expenses from $250,000 to $25,000.

27.     The jury also found that Defendant and Kebe Studios were jointly and severally liable for these damages.

28.     The Georgia District Court in its Original Defamation Judgment also included reference to the jury's award to Plaintiff of $1,000,000 in punitive damages against Defendant and $500,000 in punitive damages against Kebe Studios and $1,338,753.47 in litigation expenses against both defendants.

29.     On July 19, 2022, the Court amended the Original Judgment ("***Amended Defamation Judgment***") [Defamation Action, ECF No. 241]. In the Amended Defamation Judgment, the Court reiterated the previous awards of:

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

     a.  **$1,025,000** for pain and suffering and/or reputational injury and for medical expenses against Defendant and Kebe Studios jointly and severally,

     b.  **$1,000,000** in punitive damages against Defendant and **$500,000** against Kebe Studios, and

     c.  **$1,338,753.47** for litigation expenses against both defendants.

30.    A true and correct copy of the Original Defamation Judgment is attached hereto as "**Exhibit D**."

31.    In addition to the monetary awards, the Georgia District Court, in its Amended Defamation Judgment, permanently enjoined Defendant and Kebe Studios from publishing or republishing on the Internet or otherwise the defamatory statements listed in a consent order, and defendants were ordered to remove (to the extent not already removed) any videos or posts that contained the defamatory statements listed in the consent order (and the titles of such videos and posts to the extent they contain the defamatory statements) from their websites and social media accounts.

32.    Defendant has failed to satisfy the Amended Default Judgement against her.

## IV.   Defendant's Failed Appeal of the Amended Defamation Judgment

33.    On July 29, 2022, Defendant and Kebe Studios appealed the Amended Defamation Judgment in the case styled *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe*, et al., Case No. 22-12512 (11th Cir.).

34.    On March 21, 2023, the Eleventh Circuit Court of Appeals affirmed the Georgia District Court's Amended Defamation Judgment [Defamation Action, ECF No. 258]. A true and

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

correct copy of the Eleventh Circuit's Opinion affirming the Amended Defamation Judgment is attached hereto as "**Exhibit E**."

**PROCEDURAL BACKGROUND**

35.     On May 25, 2023 ("***Petition Date***"), L. Kebe filed a voluntary petition for relief under Chapter 11 (subchapter V) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. ("***Bankruptcy Code***") commencing the main bankruptcy case styled *In re Latasha Transrina Kebe*, Case No. 23-14082-SMG in the United States Bankruptcy Court for the Southern District of Florida ("***Main Case***").

36.     In the latest amended schedules filed by L. Kebe on July 17, 2023 [ECF No. 31], L. Kebe lists the Amended Defamation Judgment as **undisputed** in the amount of $3,380,642.28.

| 4.4 | **Belcalis Marlenis Almanzar** <br> Nonpriority Creditor's Name | Last 4 digits of account number _____ | $3,380,642.28 |
|---|---|---|---|
| | **5555 Glenridge Connector Ste 800** <br> **Atlanta, GA 30342-4728** <br> Number Street City State Zip Code | When was the debt incurred?  <u>July 2022</u> | |
| | **Who incurred the debt? Check one.** | **As of the date you file, the claim is: Check all that apply** | |
| | ☐ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ■ At least one of the debtors and another <br> ☐ Check if this claim is for a community debt <br> **Is the claim subject to offset?** <br> ■ No <br> ☐ Yes | ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Type of NONPRIORITY unsecured claim:** <br> ☐ Student loans <br> ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims <br> ☐ Debts to pension or profit-sharing plans, and other similar debts <br> ■ Other. Specify   <u>Judgment</u> | |

37.     On August 2, 2023, Plaintiff filed her proof of claim [Claim No. 5-1] in the amount of $3,911,680.95. Specifically, Plaintiff's Claim No. 5-1 is comprised of the following:

| Basis for Claim | Liquidated Claim | Estimated Claim (C/U)[5] |
|---|---|---|
| Amended Defamation Judgment Against Debtor <br><br> • **$1,025,000** (Debtor and Kebe Studios) | $3,363,753.47 | n/a |

---

[5] Claims designated "U" are unliquidated, "C" are contingent, and "C/U" are both contingent and unliquidated.  Claims designated "C" may be both partially fixed and partially contingent.

8

| | | |
|---|---|---|
| ○ pain and suffering, reputational injury, medical expenses<br>• **$1,000,000** (Debtor)<br>  ○ punitive damages<br>• **$1,338,753.47** (Debtor and Kebe Studios)<br>  ○ litigation expenses | | |
| Post Judgment Interest on Amended Defamation Judgment Against Debtor Pursuant to 28 U.S.C. 1961 (*calculated from date of Original Defamation Judgment*) | $41,725.29 | n/a |
| Punitive Damages against Kebe Studios, LLC | $500,000.00 | n/a |
| Post Judgment Interest on Punitive Damages Pursuant to 28 U.S.C. 1961 | $6,202.19 | n/a |
| **TOTAL** | **$3,911,680.95** | n/a |

38.     Plaintiff retained the undersigned law firm to represent her in connection with this action and is required to pay its reasonable attorney's fees and costs.

## COUNT I
### Non-Dischargeability of Debtor Pursuant to 11 U.S.C. § 523(a)(6)

39.     Plaintiff re-alleges and repeats the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

40.     This is an action to determine the non-dischargeability of the Amended Defamation Judgment pursuant to 11 U.S.C. § 523(a)(6).

41.     Section 523(a) of the Bankruptcy Code provides that "A discharge under section 727, 1141, 1192 . . . of this title does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

42.     As evidenced by the punitive damages awarded to Plaintiff, the Amended Defamation Judgment is clearly a debt for willful and malicious injury by Defendant to Plaintiff.

9

**WHEREFORE**, Plaintiff respectfully requests the entry of final judgment against Defendant: (i) determining that the Amended Defamation Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); (ii) costs of suit incurred herein; and (iii) granting such other and further relief that the Court deems just and proper.

Dated: August 8, 2023.

Respectfully submitted,

*/s/James C. Moon*
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Counsel for Plaintiff Belcalis Marlenis Almánzar*

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

BELCALIS MARLENIS ALMANZAR,

    Plaintiff,

        v.

LATASHA TRANSRINA KEBE and
KEBE STUDIOS LLC,

    Defendants.

CIVIL ACTION NO.
1:19-cv-01301-WMR

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 2 4 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## JURY VERDICT

### Claims

We, the Jury, make the following findings regarding the Defendants' liability for the Plaintiff's Defamation claim:

    As to Defendant Latasha Kebe:    ✓ Liable    ___ Not Liable

    As to Defendant Kebe Studios LLC:    ✓ Liable    ___ Not Liable

We, the Jury, make the following findings regarding the Defendants' liability for the Plaintiff's Invasion of Privacy – False Light claim:

    As to Defendant Latasha Kebe:    ✓ Liable    ___ Not Liable

    As to Defendant Kebe Studios LLC:    ✓ Liable    ___ Not Liable

Exhibit A

We, the Jury, make the following findings regarding the Defendants' liability for the Plaintiff's Intentional Infliction of Emotional Distress claim:

As to Defendant Latasha Kebe: ___✓___ Liable _____ Not Liable

As to Defendant Kebe Studios LLC: ___✓___ Liable _____ Not Liable

## Damages

We, the Jury, find the Plaintiff ( _✓_ has / ___ has not) proven, by a preponderance of the evidence, that she is entitled to recover damages.

We, the Jury, therefore award the Plaintiff damages in the following amount(s):

$ _1,000,000_____ in general damages (pain and suffering and/or reputational injury)

$ _250,000_____ in medical expenses

$ _1,250,000_____ Total

We, the Jury, make the following findings regarding joint and several liability:

_✓_ The Plaintiff has proven, by a preponderance of the evidence, that the Defendants are jointly and severally liable for the damages awarded, if any.

____ The Plaintiff has not proven, by a preponderance of the evidence, that the Defendants are jointly and severally liable for the damages awarded, if any, so we assign the following percentage of fault to each Defendant for causing the Plaintiff's damages, if any (with the total percentages equal to 100 percent):

As to Defendant Latasha Kebe _____ %

As to Defendant Kebe Studios LLC _____ %

**SO SAY WE ALL**, signed and dated, this _24_ day of January, 2022.

Foreperson's Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BELCALIS MARLENIS ALMANZAR,

Plaintiff,

v.

LATASHA TRANSRINA KEBE and
KEBE STUDIOS LLC,

Defendants.

CIVIL ACTION NO.
1:19-cv-01301-WMR

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 2 5 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## JURY VERDICT

### Punitive Damages

As to Plaintiff's claim for punitive damages, we, the Jury, award the following punitive damages:

As to Defendant Latasha Kebe, we assess the amount of $ _1,000,000_ as punitive damages, which is separate from any punitive damages against Defendant Kebe Studios LLC.

As to Defendant Kebe Studios LLC, we assess the amount of $ _500,000_ as punitive damages, which is separate from any punitive damages against Defendant Latasha Kebe.

Exhibit B

**Litigation Expenses**

As to Plaintiff's claim for litigation expenses, we award the amount of $ _1,338,753.47_ against _✓_ Defendant Latasha Kebe and/or _✓_ Defendant Kebe Studios, LLC.

**SO SAY WE ALL**, signed and dated, this _25_ day of January, 2022.

_Timothy J. Dorsey_
Foreperson's Signature

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BELCALIS MARLENIS ALMANZAR,

    Plaintiff,

              v.

LATASHA TRANSRINA KEBE and
KEBE STUDIOS LLC,

    Defendants.

CIVIL ACTION NO.
1:19-cv-01301-WMR

## **JUDGMENT**

The jury having returned its verdict in this case in favor of Plaintiff Belcalis

Marlenis Almanzar on her claims against both Defendant Latasha Transrina Kebe

and Kebe Studios LLC, the Court hereby enters judgment in favor of Plaintiff and

finds that Defendants are liable for defamation, invasion of privacy (false light), and

intentional infliction of emotional distress.  The jury awarded Plaintiff $1,000,000

for pain and suffering and/or reputational injury and $250,000 for medical expenses.

The parties, by stipulation, reduced the award of medical expenses from $250,000

to $25,000.[1]  The jury found that Defendants are jointly and severally liable for these

damages.   The jury awarded Plaintiff $1,000,000 in punitive damages against

---

[1]  This stipulation does not vitiate the Defendants' ability to appeal the same.

Exhibit C

Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

Accordingly, judgment is entered in the amount of $1,025,000 for pain and suffering and/or reputational injury and for medical expenses against both Defendants, $1,000,000 in punitive damages against Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

**IT IS SO ORDERED** this 17th day of February, 2022.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR, | CIVIL ACTION NO. |
| Plaintiff, | 1:19-cv-01301-WMR |
| v. | |
| LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC, | |
| Defendants. | |

## **AMENDED JUDGMENT**

The jury having returned its verdict in this case in favor of Plaintiff Belcalis Marlenis Almanzar on her claims against both Defendant Latasha Transrina Kebe and Kebe Studios LLC, the Court hereby enters judgment in favor of Plaintiff and finds that Defendants are liable for defamation, invasion of privacy (false light), and intentional infliction of emotional distress.  The jury awarded Plaintiff $1,000,000 for pain and suffering and/or reputational injury and $250,000 for medical expenses. The parties, by stipulation, reduced the award of medical expenses from $250,000 to $25,000.[1]  The jury found that Defendants are jointly and severally liable for these damages.   The  jury  awarded  Plaintiff  $1,000,000  in  punitive  damages  against

---

[1]  This stipulation does not vitiate Defendants' ability to appeal the same.

Exhibit D

Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

Accordingly, judgment is entered in the amount of $1,025,000 for pain and suffering and/or reputational injury and for medical expenses against both Defendants, $1,000,000 in punitive damages against Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

Additionally, after the jury verdict, Plaintiff requested a permanent injunction against Defendants.  The parties thereafter filed a proposed consent order granting the permanent injunction, which the Court issued.  Accordingly, Defendants are permanently enjoined from publishing or republishing on the Internet or otherwise the defamatory statements listed in the consent order, and Defendants are ordered to remove (to the extent not already removed) any videos or posts that contain the defamatory statements listed in the consent order (and the titles of such videos and posts to the extent they contain the defamatory statements) from their websites and social media accounts.  The Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this permanent injunction.

**IT IS SO ORDERED** this 19th day of July, 2022.

William M. Ray, II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12512

Non-Argument Calendar

_____

BELCALIS MARLENIS ALMANZAR,

Plaintiff-Counter Defendant-Appellee,

*versus*

LATASHA TRANSRINA KEBE,
a.k.a. Latasha Transrina Howard,

Defendant-Counter Claimant-Appellant,

STARMARIE EBONY JONES,

Defendant,

Exhibit E

KEBE STUDIOS LLC,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01301-WMR

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

There are two issues here. One is whether the jury had suf-
ficient evidence to hold appellants—Latasha Kebe and others—lia-
ble for defamation (and other privacy torts) against appellee
Belcalis Almanzar (better known as 'Cardi B'). The other is
whether the district court erred by excluding evidence. We hold
that Kebe hasn't preserved either issue for appeal.

## A

"[A] party is not entitled to pursue a new trial on appeal un-
less that party makes an appropriate postverdict motion in the dis-
trict court." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546
U.S. 394, 404 (2006). A party can make that kind of post-verdict
motion under either Rule 50(b) or Rule 59 of the Federal Rules of

Civil Procedure.  *See id.* at 396 (noting that the respondent filed neither a Rule 50(b) nor a Rule 59 motion).  Rule 50(b) "sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment."  *Id.* at 400.  Rule 59 allows district judges to order new trials "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(1)(A).  When a party fails to invoke these rules in the district court, we "ha[ve] no authority to consider [an] appeal from the jury verdict."  *Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1302 (11th Cir. 2006).

Defendant Latasha Kebe asks for a new trial, saying that there was insufficient evidence for the jury verdict against her.  But as she all but admits, she didn't make either of the required post-verdict motions in the district court.  As a result, we have no authority to consider her insufficiency-of-the-evidence argument on appeal.

Kebe's response is unavailing.  She seems to assert that she can seek a new trial on appeal not because she did so below, but rather because she *didn't.*  She seeks to distinguish her case from *Unitherm* on the ground that, unlike the losing party there, she didn't even make a *pre*-verdict insufficiency-of-the-evidence motion, let alone a post-verdict one.  So while she apparently (and correctly) accepts that making one *pre*-verdict insufficiency-of-the-evidence motion isn't enough to preserve the right to challenge the

4                    Opinion of the Court                    22-12512

sufficiency of the evidence on appeal, she seems to think that one *can* preserve that right by making no insufficiency motions at all.

That is incorrect.  Under *Unitherm*, a party "forfeit[s] its right to [seek a new trial] on appeal" if it "never sought a new trial before the District Court."  546 U.S. at 404.  The only way to seek a new trial before the district court is through a post-verdict motion; a pre-verdict motion won't do.  *Id.* (explaining that a party can't seek a new trial through a pre-verdict motion).  So Kebe gains nothing by pointing out that she never made a pre-verdict insufficiency-of-the-evidence motion.  All that matters is that she "never sought a new trial before the District Court" through a post-verdict motion and has "thus forfeited [her] right to do so on appeal."  *Id.*

## B

Kebe also failed to preserve her evidentiary arguments.  "[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief."  *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen,* 815 F.2d 1435, 1446 n.16 (11th Cir.1987).  An appellant fails to preserve an issue when, in her opening appellate brief, she "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  "An appellant's brief must include an argument containing 'appellant's contentions and the reasons for them, with citations to the authorities and *parts of the record on which the appellant relies*.'"  *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quoting Fed. R. App. P. 28(a)(9)(A)) (emphasis added).  "If an argument is

not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

Kebe didn't adequately brief her challenges to the district court's evidentiary rulings. Specifically, she never tells us where in the 5500-page record the district court's alleged errors can be found. That lapse violates the rule that appellants must identify the "parts of the record on which [they] rel[y]." *Singh*, 561 F.3d at 1278 (quoting Fed. R. App. P. 28(a)(9)(A)). Because Kebe's brief falls well short of what we require, she has abandoned this argument.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 21, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-12512-DD
Case Style:  Belcalis Almanzar v. Latasha Kebe, et al
District Court Docket No:  1:19-cv-01301-WMR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at
www.ca11.uscourts.gov.

Clerk's Office Phone Numbers
General Information:                404-335-6100    Attorney Admissions: 404-335-6122
New / Before Briefing Cases:       404-335-6135    Capital Cases:          404-335-6200
Cases in Briefing / After Opinion: 404-335-6130    CM/ECF Help Desk:  404-335-6125
Cases Set for Oral Argument:       404-335-6141

OPIN-1A Issuance of Opinion With Costs