UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,   Case No. 23-14082-SMG
　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　Subchapter V
_____/

BELCALIS MARLENIS ALMÁNZAR,   Adv. Proc. No. 23-01153-SMG

　　Plaintiff,

　　v.

LATASHA TRANSRINA KEBE,

　　Defendant.
_____/

**<u>DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

LATASHA TRANSRINA KEBE ("Defendant"), by and through the undersigned counsel, files this Answer and Affirmative Defenses to BELCALIS MARLENIS ALMÁNZAR ("Plaintiff")'s Complaint.

## <u>ANSWER</u>

### *Parties, Jurisdiction and Venue*

1. Defendant is without knowledge or information sufficient to form a belief as to the statements in Paragraph 1 and therefore denies the allegations and demands strict proof thereof.

2. Admitted for jurisdictional purposes only.

3. Admitted.

4. Admitted.

1

12.[1]  Admitted.

5.  Admitted.

6.  Admitted.

### *Factual Background*

7.  To the extent a response is required, the Defendant answers that Paragraph 7 speaks for itself.

8.  To the extent a response is required, the Defendant answers that Paragraph 8 speaks for itself.

9.  To the extent a response is required, the Defendant answers that Paragraph 9 speaks for itself.

10.  Admitted.

11.  Defendant admits that she made certain statements about Plaintiff on her social media platforms. Defendant further admits that a jury found that Defendant's statements defamatory and found that Defendant made such statements with malice and to injure Plaintiff. Defendant, however, denies that jury's verdict and specific findings comport with Defendant's true intent in making the statements and asserts that Defendant did not intend to injure Plaintiff or act with malice.

12.  Defendant admits that a jury found that Defendant's statements defamatory. Defendant, however, denies that jury's findings comport with Defendant's true intent in making the statements and further denies that Defendant's motive for making the statements was to benefit financially and attract more viewers to her social media platforms.

---

[1] The numbering of the paragraphs in this Answer is consistent with Plaintiff's Complaint.

2

13. Defendant admits that a jury found that the statements set forth in Paragraph 13(a)-(e) were defamatory.

14. Defendant admits that a jury found that Defendant willfully and maliciously injured Plaintiff by making the statements refenced in Paragraph 13(a)-(e).

15. Defendant admits that she was asked to remove the content containing the statements referenced in Paragraph 13(a)-(e) and did not do so.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. To the extent a response is required, the Defendant answers that Paragraph 20 speaks for itself.

21. Admitted.

22. Admitted.

23. Admitted.

24. To the extent a response is required, the Defendant answers that Paragraph 24 speaks for itself.

25. To the extent a response is required, the Defendant answers that Paragraph 25 speaks for itself.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

      a. Admitted.

      b. Admitted.

      c. Admitted.

30. To the extent a response is required, the Defendant answers that Paragraph 30 speaks for itself.

31. Admitted.

32. Defendant admits that she has be unable to satisfy the Amended Defamation Judgment.

33. Admitted.

34. Admitted.

### *Procedural History*

35. Admitted.

36. Admitted.

37. Defendant admits that Plaintiff filed a proof of claim in the Main Case (Proof of Claim No. 5-1) in the amount of $3,911,680.95 but Defendant denies that Plaintiff is entitled to the full amount of that claim. Defendant asserts that Plaintiff is incorrectly and unjustifiably imputing the $500,000.00 in punitive damages against Kebe Studios LLC, which the jury verdict and judgments explicitly state are "separate from any punitive damages against Defendant Latasha Kebe." The jury verdict and judgments specifically state which damages were awarded against one or both defendants, joint and severally, and which ones were not. The $500,000.00 in punitive damages against Kebe Studios LLC was clearly only against Kebe Studios LLC, and since the Main Case was filed by Debtor Latasha Transrina Kebe, individually and not Kebe Studios,

Defendant denies that Plaintiff can impute Kebe Studios LLC's liability to Defendant. Thus, Defendant denies that Defendant owes Plaintiff $3,911,680.95.

38. Defendant is without knowledge or information sufficient to form a belief as to the statements in Paragraph 38 and therefore denies the allegations and demands strict proof thereof.

*COUNT I: Non-Dischargeability of Debtor Pursuant to 11 U.S.C. § 523(a)(6)*

39. To the extent a response is required, the Defendant answers that Paragraph 39 speaks for itself.

40. Admitted.

41. Admitted.

42. Defendant admits that the Amended Defamation Judgment carries a debt based on a jury's finding that Defendant's actions were willful and malicious. Defendant denies that the Amended Defamation Judgment gives Plaintiff sufficient grounds to prevail on Count I for the full $3,911,680.95 prayed for in Proof of Claim 5-1.

**AFFIRMAITVE DEFENSES**

1. Defendant affirmatively avers that it did not knowingly or intentionally conduct itself in a manner that would give rise to an exception of this debt from discharge.

2. Defendant affirmatively avers that it did not knowingly or intentionally act willfully or maliciously to injure Plaintiff.

3. Defendant affirmatively avers that Plaintiff does not have a sufficient legal basis to impute the liability of Kebe Studios LLC to Defendant insofar as Kebe Studios LLC is liable to Plaintiff for $500,000.00 in punitive damages.

**ENTITLEMENT TO ATTORNEY'S FEES**

The Defendant has engaged the undersigned attorney's services to defend this suit and should he prevail, she is entitled to reasonable attorney's fees and costs for such defense pursuant the applicable statutes and laws, and/or reciprocal contractual provisions.

**RESERVATION OF RIGHT TO AMEND AFFIRMATIVE DEFENSES**

Defendant submit these affirmative defenses based upon facts presently known. Defendant expressly reserve the right to supplement these affirmative defenses as discovery warrants.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in Defendant's favor, award Defendant its reasonable costs and fees, including attorneys' fees, and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted on September 8, 2023.

**VAN HORN LAW GROUP, P.A.**
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103

By: /s/ **Chad Van Horn, Esq.**
Chad Van Horn, Esq.
Florida Bar No. 64500
chad@cvhlawgroup.com