UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No. 23-14082-SMG |
| LATASHA TRANSRINA KEBE, | Chapter 11<br>Subchapter V |
| Debtor.<br>_____ / | |
| BELCALIS MARLENIS ALMÁNZAR, | Adv. Case No. 23-01153-SMG |
| Plaintiff,<br>v. | |
| LATASHA TRANSRINA KEBE, | |
| Defendant.<br>_____ / | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff BELCALIS MARLENIS ALMÁNZAR ("*Plaintiff*"), by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, moves for this Court to enter partial summary judgment in her favor and for cause states as follows:

### I.   Introduction

This motion requests partial summary judgment against Latasha Transrina Kebe ("*Defendant*" or "*L. Kebe*") on the issue of non-dischargeability pursuant to 11 U.S.C. § 523 (a)(6) ("willful and malicious injury"). As shown below, the elements of "willful and malicious injury" as contemplated by 11 U.S.C. § 523 (a)(6) have been established by the doctrine of *collateral estoppel*.

1

The sum and substance of this motion is that Plaintiff successfully brought suit against Defendant and her co-defendant Kebe Studios LLC ("**Kebe Studios**") in the Northern District of Georgia in the case styled *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe and Kebe Studios LLC*, Case No. 1:19-cv-001301-WMR (N.D. Ga.).

A jury in the Northern District of Georgia found in favor of Plaintiff and awarded her $1,000,000 for pain and suffering and/or reputational injury and $250,000 for medical expenses. The parties, by stipulation, reduced the award of medical expenses from $250,000 to $25,000. The jury found that Defendant and her co-defendant Kebe Studios were jointly and severally liable for these damages. The jury further awarded Plaintiff $1,000,000 in punitive damages against L. Kebe, $500,000 in punitive damages against Kebe Studios and $1,338,753.47 for litigation expenses against both defendants.

As a result of the jury verdicts, the Northern District of Georgia entered an amended judgment ("**Amended Defamation Judgment**") in the amount of $1,025,000 for pain and suffering and/or reputational injury and for medical expenses against both L. Kebe and Kebe Studios, $1,000,000 in punitive damages against L. Kebe, $500,000 in punitive damages against Kebe Studios, and $1,338,753.47 for litigation expenses against both defendants.[1]

*Defendant does not appear to dispute that the awards in the Amended Defamation Judgment made against her individually or jointly and severally are non-dischargeable*. Rather, Defendant argues in her Answer[2] that Plaintiff is not also entitled to impute the $500,000 in punitive damages against Kebe Studios in the Amended Defamation Judgment to Defendant. As such, there is no reasonable dispute that the joint and several awards and the punitive damages

---

[1] Exhibit D of the Complaint, Amended Defamation Judgment [Defamation Action, ECF No. 241].
[2] Defendant's Answer & Affirmative Defenses to Plaintiff's Complaint [ECF No. 5].

2

award solely against Defendant is non-dischargeable, and therefore partial summary judgment is warranted as to those awards.

The only issue that would then remain for trial is whether Defendant is also liable for the $500,000 punitive damages awarded against Kebe Studios in the Amended Defamation Judgment. If the Court determines that Defendant is liable for the $500,000 punitive damages awarded against Kebe Studios, then it follows that such amount will be non-dischargeable for the same reason the remainder of the Amended Defamation Judgment (along with post judgment interest pursuant to 28 U.S.C. § 1961) is non-dischargeable.

## II. Statement of Material Facts Not Reasonably in Dispute

### A. The Defamation Action

1. Plaintiff commenced an action against Defendant and Kebe Studios, among others,[3] in the case styled: *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe, et al.*, Case No. 1:19-cv-01301-WMR (N.D. Ga.) ("**Defamation Action**") in which Plaintiff alleged claims for slander *per se*, slander, libel *per se*, defamation, false light and intentional infliction of emotional distress.

2. On January 10, 2022, the District Court for the Northern District of Georgia ("**Georgia District Court**") commenced a jury trial lasting multiple weeks in which the jury ultimately found Defendant liable to Plaintiff for defamation, invasion of privacy – false light and intentional infliction of emotional distress, and further found Defendant to be jointly and severally liable for the damages with co-defendant Kebe Studios.

3. As noted by the Georgia District Court in its jury instructions, Plaintiff had to prove by a preponderance of the evidence that: (1) Defendant made a false and defamatory statement

---

[3] Kebe Studios was added as a defendant pursuant to the Second Amended Complaint dated November 29, 2020.

regarding Plaintiff, (2) the statement was published, and then, Plaintiff had to prove by clear and convincing evidence that Defendant acted with actual malice.

4. Plaintiff met her burden, proving that Defendant's intentional actions in spreading knowingly false and defamatory statements showed willful misconduct, malice, wantonness and an entire lack of care. Indeed, the jury found that Defendant acted with a "**specific intent to commit harm**."[4] Accordingly, the jury awarded Plaintiff damages as follows:

We, the Jury, therefore award the Plaintiff damages in the following amount(s):

$ 1,000,000    in general damages (pain and suffering and/or reputational injury)

$ 250,000    in medical expenses

$ 1,250,000    Total

5. A true and correct copy of the Jury Verdict on Plaintiff's claims ("*Claims Verdict*") [Defamation Action, ECF No. 198] is attached to the Complaint as "**Exhibit A**."

6. In addition to the Claims Verdict, as a result of the willful and malicious nature of Defendant's actions, the Jury also assessed Defendant and her co-defendant Kebe Studios with substantial awards for both punitive damages and litigation expenses.

7. As described by the Georgia District Court in its instructions to the jury, before a jury can award punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that

---

[4] Trial Tr., Jan. 25, 2022 19:15-19. [Defamation Action, ECF No. 217] ("The Court: Ladies and gentlemen, I want to clarify something just to make sure that you understand that if there is an award of punitive damages, those damages do go to the plaintiff **because you found specific intent to commit harm in your jury verdict**.") (emphasis added).

entire want of care that would raise the presumption of conscious indifference to the consequences.[5]

8. Plaintiff met her burden. As a result, the jury awarded punitive damages to Plaintiff as follows:

> As to Defendant Latasha Kebe, we assess the amount of $ 1,000,000 as punitive damages, which is separate from any punitive damages against Defendant Kebe Studios LLC.
>
> As to Defendant Kebe Studios LLC, we assess the amount of $ 500,000 as punitive damages, which is separate from any punitive damages against Defendant Latasha Kebe.

**Litigation Expenses**

> As to Plaintiff's claim for litigation expenses, we award the amount of $ 1,338,753.47 against ✓ Defendant Latasha Kebe and/or ✓ Defendant Kebe Studios, LLC.

9. A true and correct copy of the Jury Verdict assessing punitive damages ("***Punitive Damages Verdict,***" collectively with the Claims Verdict, the "*Jury Verdict*") [Defamation Action, ECF No. 204] is attached to the Complaint as "**Exhibit B**."

10. As a result of the Jury Verdict, on February 17, 2022, the Georgia District Court entered its judgment (the "*Original Defamation Judgment*") [Defamation Action, ECF No. 206] in favor of Plaintiff and against Defendant and Kebe Studios. A true and correct copy of the Original Defamation Judgment is attached to the Complaint as "**Exhibit C**."

---

[5] Trial Tr., Jan. 24, 2022 87:23-25; 88:1-12.

11. The Original Defamation Judgment noted the jury's award to Plaintiff of:

    a. $1,000,000 for pain and suffering and/or reputational injury and $250,000 for medical expenses.

    b. The parties stipulated to reduce the jury's award of medical expenses from $250,000 to $25,000.

12. The jury also found that Defendant and Kebe Studios were jointly and severally liable for these damages.

13. The Georgia District Court in its Original Defamation Judgment also included reference to the jury's award to Plaintiff of $1,000,000 in punitive damages against Defendant and $500,000 in punitive damages against Kebe Studios and $1,338,753.47 in litigation expenses against both defendants.

14. On July 19, 2022, the Court amended the Original Judgment ("***Amended Defamation Judgment***") [Defamation Action, ECF No. 241]. In the Amended Defamation Judgment, the Court reiterated the previous awards of:

    a. **$1,025,000** for pain and suffering and/or reputational injury and for medical expenses against Defendant and Kebe Studios jointly and severally,

    b. **$1,000,000** in punitive damages against Defendant and **$500,000** against Kebe Studios, and

    c. **$1,338,753.47** for litigation expenses against both defendants.

15. A true and correct copy of the Amended Defamation Judgment is attached to the Complaint as "**Exhibit D.**"

16. In addition to the monetary awards, the Georgia District Court, in its Amended Defamation Judgment, permanently enjoined Defendant and Kebe Studios from publishing or republishing on the Internet or otherwise the defamatory statements listed in a consent order, and defendants were ordered to remove (to the extent not already removed) any videos or posts that contained the defamatory statements listed in the consent order (and the titles of such videos and posts to the extent they contain the defamatory statements) from their websites and social media accounts.

### B. Defendant's Failed Appeal of the Amended Defamation Judgment

17. On July 29, 2022, Defendant and Kebe Studios appealed the Amended Defamation Judgment in the case styled *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe*, et al., Case No. 22-12512 (11th Cir).

18. On March 21, 2023, the Eleventh Circuit Court of Appeals affirmed the Georgia District Court's Amended Defamation Judgment [Defamation Action, ECF No. 258]. A true and correct copy of the Eleventh Circuit's Opinion affirming the Amended Defamation Judgment is attached to the Complaint as "**Exhibit E.**"

### C. Procedural Posture of Defendant's Bankruptcy Case

19. On May 25, 2023 ("***Petition Date***"), L. Kebe filed a voluntary petition for relief under Chapter 11 (subchapter V) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. ("***Bankruptcy Code***") commencing the main bankruptcy case styled *In re Latasha Transrina Kebe*, Case No. 23-14082-SMG in the United States Bankruptcy Court for the Southern District of Florida ("***Main Case***").

20.     In the latest amended schedules filed by L. Kebe on July 17, 2023 [ECF No. 31], L. Kebe lists the Amended Defamation Judgment as **undisputed** in the amount of $3,380,642.28.

| 4.4 | Belcalis Marlenis Almanzar | | $3,380,642.28 |
|---|---|---|---|
| | Nonpriority Creditor's Name | Last 4 digits of account number | |
| | 5555 Glenridge Connector Ste 800 Atlanta, GA 30342-4728 | When was the debt incurred? **July 2022** | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |
| | Who incurred the debt? Check one. | | |
| | ☐ Debtor 1 only | ☐ Contingent | |
| | ☐ Debtor 2 only | ☐ Unliquidated | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | |
| | ■ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | |
| | ☐ Check if this claim is for a community debt | ☐ Student loans | |
| | Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| | ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| | ☐ Yes | ■ Other. Specify **Judgment** | |

21.     On August 2, 2023, Plaintiff filed her proof of claim [Claim No. 5-1] in the amount of $3,911,680.95. Specifically, Plaintiff's Claim No. 5-1 is comprised of the following:

| Basis for Claim | Liquidated Claim | Estimated Claim (C/U)[6] |
|---|---|---|
| Amended Defamation Judgment Against Debtor<br><br>• **$1,025,000** (Debtor and Kebe Studios)<br>  ○ pain and suffering, reputational injury, medical expenses<br>• **$1,000,000** (Debtor)<br>  ○ punitive damages<br>• **$1,338,753.47** (Debtor and Kebe Studios)<br>  ○ litigation expenses | $3,363,753.47 | n/a |
| Post Judgment Interest on Amended Defamation Judgment Against Debtor Pursuant to 28 U.S.C. 1961 (*calculated from date of Original Defamation Judgment*) | $41,725.29 | n/a |
| Punitive Damages against Kebe Studios, LLC | $500,000.00 | n/a |

---

[6] Claims designated "U" are unliquidated, "C" are contingent, and "C/U" are both contingent and unliquidated. Claims designated "C" may be both partially fixed and partially contingent.

| Post Judgment Interest on Punitive Damages Pursuant to 28 U.S.C. 1961 | $6,202.19 | n/a |
|---|---|---|
| **TOTAL** | **$3,911,680.95** | n/a |

### III.  Summary Judgment Standard

22.  Under Fed. R. Civ. P. 56, incorporated into these proceedings by Fed. R. Bankr. P. 7056, summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

23.  The movant bears the initial responsibility of asserting the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); accord *Apcoa, Inc. v. Fidelity Nat'l Bank*, 906 F.2d 610, 611 (11th Cir. 1990). While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003), "[a]n issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *In re Rich Capitol, LLC*, 436 B.R. 224, 231 (Bankr. S.D. Fla. 2010) (citation and quotation marks omitted).

24.  Further, the existence of an alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Tobin v. Labidou* (*In re Labidou*), No. 08-29828-EPK, 2009 WL 2913483, *3 (Bankr. S.D. Fla. Sept. 8, 2009) (citations and quotations omitted). The requirement is that there be no genuine issue of material fact; a dispute about a material fact is "genuine" if the evidence is such that the Court could return a verdict for the nonmoving party. *Id*.

25. Summary judgment is not only permitted, in some cases it may be required. In *Filco v. Amana Refrigerator, Inc.*, 709 F.2d 1257 (9th Cir.), *cert. denied*, 646 U.S. 956 (1983), the trial court granted Amana's summary judgment on Filco's antitrust claims. On appeal, the court not only affirmed the lower court's discretion to grant summary judgment, it imposed a duty upon the court to do so: "[I]f there is no genuine issue of material fact, and if the resisting party does not present a record sufficient to support a reasonable finding in his favor, a district court has a duty to grant the motion for summary judgment." *Id*. at 1260; a*ccord, Reborn Enters. v. Fine Child, Inc.*, 590 F. Supp. 1423 (S.D.N.Y. 1984).

### IV. Memorandum of Law

26. There can be no issues of dispute as to material fact in this matter, because all of the relevant facts have been established as a matter of law. The relevant factual determinations for non-dischargeability under § 523(a)(6) are: (1) was there an injury; and (2) was it caused by malicious and willful conduct of the defendant?

27. In this matter, a jury in the Northern District of Georgia considered evidence and testimony at a multi-week trial between the identical parties to this adversary proceeding. The jury considered claims for defamation, invasion of privacy – false light and intentional infliction of emotional distress. The jury found for Plaintiff on all counts.

28. The jury was also asked to consider damages and it awarded both compensatory and punitive damages in the amounts listed above against both L. Kebe and Kebe Studios. As a result, the Northern District of Georgia entered the Amended Defamatory Judgment.

29. "The 'central purpose' of the Bankruptcy Code 'is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

opportunity in life with a clear field for future effort.'" *Beem v. Ferguson*, 713 Fed. App'x 974, 977 (11th Cir. 2018) quoting *In re St. Laurent*, 991 F.2d 672, 680 (11th Cir. 1993). "[T]his 'fresh start' policy is only available to the 'honest but unfortunate debtor.'" *In re Fretz,* 244 F.3d 1323, 1326 (11th Cir. 2001) (quoting *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). As a result, under 11 U.S.C. § 523, certain types of debts are not dischargeable. A debt incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity" is one such non-dischargeable debt. 11 U.S.C. § 523(a)(6); accord *Beem*, 713 Fed. App'x at 977.

30. In relevant part, § 523(a)(6) provides that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is non-dischargeable. 'Willful' in this provision means 'a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.'" *Beem*, 713 Fed. App'x at 983-84 quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); (emphasis in original). "Malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." *Maxfield v. Jennings* (*In re Jennings*), 670 F.3d 1329, 1334 (11th Cir. 2012) (citation and quotation marks omitted). "To establish malice, a showing of specific intent to harm another is not necessary." *Id*. (citation and quotation marks omitted).

31. Courts in the Eleventh Circuit evaluating the applicability of the 11 U.S.C. § 523(a)(6) discharge exception generally analyze the "willful" and "malicious" elements separately. *See Figueroa v. Barreto* (*In re Barreto*), 514 B.R. 702, 714 n.13 (Bankr. S.D. Fla. 2013).

32. "A debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Kane v. Stewart Tilghman Fox & Bianchi PA, Todd S. Stewart, P.A.* (*In re Kane*), 755 F.3d 1285, 1293

11

(11th Cir. 2014) (*quoting Jennings*, 670 F.3d at 1334); *see also Kawaauhau*, 523 U.S. at 61-62 (holding that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury).

33. With regard to public figures, proof of Defamation requires a showing of actual malice. *See Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967). Moreover, as to the intentional infliction of emotional distress claim, Plaintiff also met her stringent burden requirements.

34. In this matter, Plaintiff was at the time of the acts alleged in the Complaint (and still is) a public figure. This is not disputed. And as noted above, the Georgia District Court in its jury instructions advised the jury that Plaintiff had to prove by a preponderance of the evidence that: (1) Defendant made a false and defamatory statement regarding Plaintiff, (2) the statement was published, and then, Plaintiff had to prove by clear and convincing evidence that Defendant acted with actual malice.

35. Plaintiff met her burden, proving that Defendant's actions in spreading false and defamatory statements showed willful misconduct, malice, wantonness and an entire lack of care. This also applied to the jury's finding that Defendant intentionally inflicted emotional distress. Indeed, the jury found that Defendant acted with a "**specific intent to commit harm**."[7]

36. As a result of the jury verdicts, the Georgia District Court entered the Amended Default Judgment.

---

[7] Trial Tr., Jan. 25, 2022 19:15-19. [Defamation Action, ECF No. 217] ("The Court: Ladies and gentlemen, I want to clarify something just to make sure that you understand that if there is an award of punitive damages, those damages do go to the plaintiff **because you found specific intent to commit harm in your jury verdict**.") (emphasis added).

12

37. The factual elements of non-dischargeability as to Defendant with respect to awards against her individually and jointly and severally have been established as a matter of law by the doctrine of issue preclusion (collateral estoppel).[8]

38. Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *See In re St. Laurent*, 991 F.2d 672 (11th Cir. 1993) *citing Allen v. McCurry*, 449 U.S. 90, 95 (1980). Collateral estoppel principles apply to dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11 (1991); *Kohler v. Van Peteghem*, No. 2:17-CV-230-RWS, 2019 WL 11008935 at *2 (N.D. Ga. Mar. 30, 2018) (slip copy).

## V. Conclusion

39. There are no disputes as to any material facts with respect to the nondischargeability of the compensatory and punitive damages awards against Defendant both individually, and jointly and severally. Accordingly, Plaintiff is entitled to partial summary judgment as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests the entry of partial summary judgment against Defendant: (i) determining that the individual and joint and several awards for compensatory and punitive damages, including post-judgment interest pursuant to 28 U.S.C. § 1961, against Defendant are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) and (ii) granting such other and further relief as the Court deems just and proper.

---

[8] Partial Summary Judgment is only sought with respect to the awards against Defendant L. Kebe individually or jointly and severally. Plaintiff will establish Defendant's liability for the $500,000 punitive damages award against Kebe Studios at trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2023, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1**.

Respectfully submitted,

*/s/James C. Moon*
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Counsel for Plaintiff Belcalis Marlenis Almánzar*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Chad T Van Horn**    Chad@cvhlawgroup.com, chad@ecf.inforuptcy.com,g2320@notify.cincompass.com,chapter7@cvhlawgroup.com,broward@cvhlawgroup.com,chapter11@cvhlawgroup.com,miami@cvhlawgroup.com,cmecf@cvhlawgroup.com,VanHorn.ChadB104447@notify.bestcase.com

Exhibit 1